**IN THE COURT OF APPEALS OF IOWA**

No. 16-1843
Filed January 25, 2017

**IN THE INTEREST OF M.P.,**
**Minor child,**

**L.P., Mother,**
    Appellant,

**M.P., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer

Minot, District Associate Judge.

A mother and a father separately appeal the termination of their parental

rights to their child. **AFFIRMED ON BOTH APPEALS.**

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellant State.

Shawn C. McCullough of the Law Office of Jeffrey L. Powell, P.L.C.,

Washington, for appellant mother.

Christine E. Boyer, Iowa City, for appellant father.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids,

guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

The mother and the father separately appeal the termination of their parental rights to their child, M.P., born in January 2016.

The mother and the father of the child at issue here are married. They arrived in Iowa by bus in August 2015; the mother was six months pregnant and the couple had no money, no housing, and no plan. Both parents are mentally low functioning and receive Social Security disability income. The mother has "a history of childhood trauma, placement in foster care, delinquent behaviors, school problems, and criminal convictions." She has given birth to ten other children (birth dates range from October 1999 to October 2013), none of whom are in her care as her parental rights have been terminated. The father has a history of mental health diagnoses and criminal charges, did not complete school because of learning and behavioral issues, and has no employment history.

The mother gave birth to M.P. in January 2016. By court order, the child was removed from the parents when the child was about one week old due to concerns of medical personnel about the child's low weight and the parents' questionable ability to provide adequate care. Moreover, the parents had outstanding criminal warrants for their arrest. The child was adjudicated a child in need of assistance (CINA) on March 8 and has remained in foster care since removal.

On October 19, 2016, the juvenile court terminated each parent's parental rights. In the court's detailed and well-supported ruling, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2016), terminated the father's pursuant to section

232.116(1)(h), and concluded termination of parental rights was in the best interests of the child.

On appeal, the mother challenges one of two statutory grounds for termination, claims termination is not in the child's best interests, and argues she should have been granted a six-month extension to seek reunification. The father argues the State did not make reasonable efforts to reunite the parent and child, and that a six-month extension with better coordination of services and on-going support should have been granted. He also contends termination was improper because he did not stipulate that the child was in need of assistance under Iowa Code section 232.2(6)(c)(2).

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated here. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

The mother does not dispute the finding that termination of parental rights was proper under Iowa Code section 232.116(1)(h).[1] The father tangentially disputes termination is proper under section 232.116(1)(h), arguing he did not stipulate the child was in need of assistance upon removal and additional time

---

[1] Section 232.116(1)(h) allows the juvenile court to terminate parental rights if the child is three years of age or younger, has been adjudicated CINA, has been removed from the physical custody of the child's parents for at least six of the last twelve months, and cannot be returned to the custody of the parents at the present time.

should have been granted. First, contrary to the statements in the father's brief,[2] the only mention of a stipulation in the termination order is that all parties stipulated at the dispositional hearing the child should remain in the custody of the department of human services.

In any event, the CINA adjudication became final when the dispositional order was entered. We have held that a parent must appeal the dispositional order to challenge deficiencies from any of the CINA proceedings to preserve the alleged errors for our review. *See In re J.D.B.*, 584 N.W.2d 577, 581 (Iowa Ct. App. 1998) (stating where a mother did not appeal from any of the CINA proceedings, the time for appeal had passed and she could not challenge deficiencies in the CINA proceedings in the current appeal regarding the termination of her parental rights). The father did not appeal the CINA adjudication and disposition, and issues about the adjudication can no longer be reviewed. *See In re D.S.*, 563 N.W.2d 12, 15 (Iowa Ct. App. 1997) (finding the principles of res judicata barred a father's claim of error where the order was not appealed).

The juvenile court noted the mother and father have been provided or offered "a stunning array of resources that were designed to address their basic and special needs, including their intellectual limitations" beginning "literally within hours of their arrival in the State of Iowa." We are not able to agree with the father that the efforts made were not adequately geared toward his parenting deficits. Upon our de novo review of the record, we confirm the finding the State

---

[2] The father states: "The father did not stipulate to a finding that the child was in need of assistance under 232.2(6)(c)(2). The Court indicated in its termination order that all parties stipulated, but the position of the father was that an order could be entered."

made reasonable efforts at reunification. We also conclude there is clear and convincing evidence to support termination of each parent's parental rights under Iowa Code section 232.116(1)(h).

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. Moreover, "[i]nsight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" *A.B.*, 815 N.W.2d at 778 (citations omitted). Here, despite the offer of numerous and extensive services, at the time of the termination trial in September 2016, the parents were homeless, unemployed, and unable to care for the child safely. The father had several recent arrests for public intoxication, and a substance-abuse evaluation indicated a need for treatment not known until shortly before the termination hearing. Moreover, in light of the mother's many years of involvement with service agencies and the parents' lifelong impairments an additional six months is unlikely to result in reunification.

The child is less than a year old and has been doing well in the care of the foster parents, with whom the child is bonded. The child needs permanency and a safe and stable place to grow up. We agree with the juvenile court termination is in the child's best interests. Accordingly, we affirm the juvenile court's order terminating both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**